UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br>v.<br>TANLISIA NEAL,<br>     Defendant. | Case No. 20-cr-00132-VC-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br>Re: Dkt. No. 62 |

      A warrantless arrest outside the home does not violate the Fourth Amendment if the officer making the arrest has probable cause to believe the person is committing a crime. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). The arresting officers had probable cause, based on information provided by Officer Dudley, to believe that Neal was willfully violating an order prohibiting her from loitering at the intersection of 16th and Mission Streets. *See* Cal. Penal Code § 166(a)(4). Dudley knew that Neal was subject to a no-loiter order because he (or his partner) searched the San Francisco police database four times in the two months leading up to Neal's arrest, and each time saw a notation that Neal was subject to a no-loiter order that was valid through December 6, 2022. In connection with two of these searches, Dudley (or his partner) made a note in the database that Neal was "standing" or "loitering" at the 16th Street and Mission Street intersection. The last of these searches occurred on February 8, 2020. It was reasonable for Dudley to rely on this database information to conclude that Neal was violating the order by standing on that intersection on February 12, 2020, a mere four days after the most research search. *See Payne v. Libang*, 2012 WL 5270045, at *8 (N.D. Cal. Oct. 23, 2012); *Cornu-Labat v Merred*, 2012 WL 3151536, at *6 (E.D. Wa. Aug. 2, 2012), *aff'd* 580 F.

App'x 557 (9th Cir. 2014). Moreover, Neal's argument that the police arrested her just because she looked suspicious and not because they suspected she was violating the no-loiter order is belied by the evidence in the record and the circumstances leading up to her arrest.

The fact that the police database contained a few errors does not make Dudley's reliance on it unreasonable. Neal identifies two errors: first, the database reported that the no-loiter order expired on December 6, 2022, when the order was actually a pre-trial order that terminated with the underlying state court case; and second, discovery revealed that the database showed that the order was still in effect in September 2020, when the order in fact had become legally invalid in May 2020 when the underlying state court case was dismissed. But because these isolated inaccuracies do not establish that the database suffered from systematic error or routinely failed to provide reasonably trustworthy information, Dudley could reasonably rely on it to find probable cause and convey that to the arresting officers. *See Gonzalez v. United States Immigration & Customs Enforcement*, 975 F.3d 788, 822-23 (9th Cir. 2020); *see also Herring v. United States*, 555 U.S. 135, 146-47 (2009). Neal's motion to suppress is thus denied.

**IT IS SO ORDERED.**

Dated: April 20, 2021

_____
VINCE CHHABRIA
United States District Judge