UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TANLISIA NEAL,<br><br>        Defendant. | Case No. 20-cr-00132-VC-1<br><br>**RULINGS ON THE DEFENDANT'S MOTION TO EXCLUDE AND THE GOVERNMENT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 89, 106 |

      This order summarizes the Court's rulings on the parties' motions in limine. As a reminder, a ruling on a motion on limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

<u>The Government's Motions in Limine</u>

1. The motion to admit evidence of Neal's 2019 arrest as inextricably intertwined with the charged offenses is granted in part. To offer a coherent story of the alleged crime to the jury, the government may elicit testimony that Neal was subject to a court-imposed no-loitering order and was arrested for violating it. The December 2019 arrest that led to the no-loitering order, and the details underlying that arrest, may not be introduced unless Neal opens the door during trial.

2. The motion to admit Neal's prior felony convictions and her knowledge of them to prove the elements of the felon-in-possession charge is denied as moot. Neal has agreed to stipulate to those facts. *See* Dkt. No. 87 at 4.

3. The motion to admit Neal's statements when offered by the government under Federal Rule of Evidence 801(d)(2)(A) is granted.

4. The motion to admit Neal's prior drug convictions and drug-related arrest for impeachment purposes is denied. Without knowing whether and on what topics Neal will testify, the government cannot show that the probative value of her past convictions substantially or otherwise outweighs their prejudicial effect. *See* Fed. R. Evid. 609(a)(1), (b). In the event this issue arises again at trial, the parties must be prepared to identify the release dates for the prior convictions. Neal's December 2019 arrest is not probative of her character for truthfulness or untruthfulness and therefore may not be introduced under Rule 608(b).

5. The motion to admit Neal's prior convictions and arrest under Rule 404(b) is also denied. Without knowing Neal's defense at trial, the government cannot show that this evidence is admissible for a non-propensity purpose. It is very unlikely that such a showing could ever be made for Neal's conviction for violating a protective order to prevent domestic violence. But as discussed at the pretrial conference, it is somewhat difficult to imagine a defense that would not trigger admission of the prior drug incidents.

6. The motion to require Neal to proffer a good-faith basis for any *Henthorn*-type inquiry of a law enforcement witness is granted. Any offer of proof must be made at the final pretrial conference.

7. The motion to prohibit references to punishment or jury nullification before the jury is granted as to both parties.

8. The motion to exclude evidence that has not been timely produced under Federal Rule of Criminal Procedure 16 is granted as to both parties. If a party wishes to introduce evidence that has not yet been produced, they must seek leave of the Court.

9. The motion to preclude the introduction of information not in evidence before the jury is granted as to both parties. *See* Fed. R. Evid. 103(d).

10. The motion to preclude Neal from challenging the validity of her arrest and search on February 12, 2020, is granted. Given that bar, the Court will not instruct the jury that the events were lawful.

11. The motion to permit the government to bring the gun and drugs at issue in this case into the courtroom is granted. Neal does not challenge the admission of the drugs. And the firearm is clearly intrinsic to the charged crimes.

Neal's Motion to Exclude

1. Neal's motion to exclude the expert testimony of Special Agent Curnow is granted in part and denied in part. Special Agent Curnow may testify to indicia of drug distribution, as opposed to possession for personal use, which can include inferences arising from the quantity of drugs in a person's possession, the way they are packaged, and the possession of a large number of small-denomination bills. Testimony on peripheral matters, such as the drugs' supply chains and estimated profit margins, is not permitted unless the defense opens the door. Those matters are not probative of the elements at issue in this case, and to the extent they are, their probative value is substantially outweighed by a risk of wasting time and confusing the issues (and, in some instances, unfair prejudice to the defendant). *See* Fed. R. Evid. 401, 403. The special agent's testimony about the reasons a dealer might possess a firearm is also excluded. Such testimony is well within the grasp of a layperson, and introducing expert evidence on that point poses a substantial risk of wasting the jury's time. *See* Fed. R. Evid. 403.

    Neal's remaining objections to Special Agent Curnow's testimony are overruled. Even if the government untimely disclosed the summary of the special agent's testimony, the defense has had a fair opportunity to prepare to challenge his opinions at trial due to the multiple-month continuance of the trial date sought by the defendant and granted by the Court. Special Agent Curnow's experience provides a reliable basis for the opinions that the Court is allowing, and his general expertise in these matters is sufficiently linked to his proffered opinions. A *Daubert* hearing is not required to make this reliability determination.

    Special Agent Curnow's testimony also does not pose a Confrontation Clause or hearsay problem. Experts are permitted to base their opinions on otherwise inadmissible

evidence so long as other experts in their field would "reasonably rely" on that evidence to form their opinion. Fed. R. Evid. 703. That is true of law enforcement agents involved in drug investigations. There is no indication that Special Agent Curnow plans to parrot inadmissible hearsay—testimonial or otherwise—to the jury during his testimony. Instead, his opinions are the distillation of the fruits of his experience and are reached by "applying his extensive experience and a reliable methodology." *United States v. Vera*, 770 F.3d 1232, 1237–38 (9th Cir. 2014) (quoting *United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2003)).

**IT IS SO ORDERED.**

Dated: September 22, 2021

_____
VINCE CHHABRIA
United States District Judge