UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>TANLISIA NEAL,<br><br>        Defendant. | Case No. 20-cr-00132-VC-1<br><br>**EVIDENTIARY RULINGS FOLLOWING OPENING STATEMENTS** |

      Given the defense's opening statement, in which counsel accused the government of making erroneous assumptions about the reason why Neal was carrying a firearm, the government may present expert testimony about why drug dealers carry/use guns. However, the government's expert continues to be precluded from testifying about the events that are the subject of this trial, including that Neal was selling drugs in a high-crime area. The expert's testimony is limited to general knowledge of why drug dealers use/carry guns; it may not delve into the specifics of this case.

      Also in light of the defense's opening statement, evidence of Neal's December 2019 arrest falls within Rule 404(b)(2). The opening statement accused the government of making erroneous assumptions about the reason Neal was carrying the firearm (that is, erroneous assumptions about her motive, or intent, or purpose in carrying the firearm). Evidence that Neal was selling the same drugs in the same area while carrying a weapon three months earlier makes it more likely that, in both instances, Neal's purpose, motive, or intent in carrying a weapon was to protect herself during her alleged drug-dealing activities. Or, viewing it from the opposite side of the same coin, evidence of the prior incident makes it less likely that it was mere coincidence

that Neal happened to be carrying a firearm while selling drugs (which goes to the absence of accident or mistake). And therefore, the arrest diminishes the possibility that the government's proffered reason for why Neal was carrying a firearm is erroneous.

However, given the current state of the record, evidence of the December 2019 arrest is excluded under Rule 403. The defense has, to this point, offered no evidence of a specific alternative reason why Neal was carrying the gun; it has merely asked the jury to speculate. Thus, the probative value (and rebuttal value) of the December 2019 arrest is lower than it might otherwise be, and it would be substantially outweighed by the waste of time and potential for jury confusion stemming from a mini trial about that arrest (particularly considering that the government will now be allowed to counter the defense's opening statement with expert testimony about why drug dealers carry/use guns). If the defense presents actual evidence of a specific alternative reason why the defendant was carrying the gun, the 403 balancing would almost certainly change, resulting in the admission of the December 2019 arrest on rebuttal.

**IT IS SO ORDERED.**

Dated: October 12, 2021

_____
VINCE CHHABRIA
United States District Judge